EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ROMILIO BENÍTEZ LEMES, acusado y apelante.

*Número:* CR-67-29          *Resuelto:* 6 de diciembre de 1967

A. *Burgos Mundo* y R. *Rodríguez Bonohomme*, abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Un muchacho menor de 16 años de edad se encontró en uno de los corredores del Hotel La Concha la llave de la habitación 1017. Haciendo uso de esa llave entró seis veces en dicha habitación hasta que fue sorprendido en la misma la sexta vez. La primera vez que entró

ocupaba la habitación el Sr. Genaro Cautiño Laboy con su familia. Declaró el Sr. Cautiño que estando abajo en la piscina vio un muchacho que llevaba un radio que le pareció ser el suyo, y además el bolsillo muy abultado; que trató de seguirlo pero se le perdió de vista. Subió a la habitación y encontró todo regado y le faltaba el radio y prendas que tenían un valor de más de $1,000.

En la segunda ocasión que el muchacho entró, la habitación 1017 era ocupada por una señora norteamericana de nombre Bette Levine. Por estipulación de la defensa y del fiscal se admitió en evidencia la declaración jurada de esta persona y se le leyó al jurado, al efecto de que el 11 de septiembre de 1965 ocupaba el cuarto 1017 del Hotel La Concha y al regresar al mismo le habían llevado un reloj de oro y un brazalete con un valor de $300 aproximadamente.

El muchacho autor de los hurtos declaró en el proceso y dijo que había vendido al apelante las prendas hurtadas del Sr. Cautiño por la cantidad de $15, y poco después vendió al mismo apelante las prendas hurtadas de la Sra. Levine por $25.00. Esta venta ocurrió en un banco de la Plaza de Colón en San Juan. El apelante fue convicto por el jurado bajo acusaciones de comprar objetos hurtados, Art. 438 del Código Penal.

En apelación levanta como único error el hecho que el Tribunal debió haber transmitido instrucciones sobre infracción del Art. 438 del Código Penal en el grado menos grave.

■ El error no fue cometido. La prueba del Pueblo demostró en forma no disputada que los objetos hurtados tenían un valor mayor de $50. Por otra parte, por la naturaleza misma de las prendas hurtadas según fueron descritas por sus dueños, y además, por el muchacho que las hurtó, no cabe la posibilidad de que tuvieran todas un valor menor de $50. En esas circunstancias nuestra doctrina es clara al efecto de que no era necesaria una instrucción sobre el grado menos grave del Art. 438 que cubre los casos en que el objeto com-

prado en las circunstancias allí estatuidas tiene un valor menor de $50 por no existir evidencia directa o por razonable implicación de este valor menor.

█ La Sala sentenciadora impuso al apelante en cada caso sentencias indeterminadas de 3 a 7 años de presidio. Aunque el apelante no levanta el punto, el Art. 438 del Código Penal impone una pena de presidio por un término máximo de 5 años cuando el valor de la cosa fuere $50 o más.

*Se modificarán las sentencias para ajustarlas al máximo de 5 años que dispone la ley y, así modificadas, se confirmarán.*

El Juez Asociado Señor Belaval no intervino.